UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUNO CHOINIERE,                               No. 08-14853

        Plaintiff,                              District Judge Thomas L. Ludington

v.                                             Magistrate Judge R. Steven Whalen

S. CITCHEN, ET.AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a *pro se* prison inmate in the custody of the Federal Correctional Institution in Milan, Michigan, has filed a self-styled and fanciful "Motion for Issuance of a Court Official Notice to Defendants" [Docket #8]. Because the Plaintiff seeks injunctive relief, I must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).

## I.  BACKGROUND

This is a *Bivens*[1] action, in which Plaintiff challenges the constitutionality of his conditions of confinement while a federal prison inmate. In the present motion, he expresses concern and fear that Bureau of Prisons (BOP) personnel "may further attempt to cause plaintiff to be subjected to undue adverse actions." He asks this Court to "officially notify the defendants in this case at bar, that any adverse action, such as causing his transfer to another institution, including transits; putting him into segregation; depriving him of his phone privileges; or any other action that would affect his freedom

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

within the general population" may "cause plaintiff's deprivation of his constitutional and civil rights and may infringe in plaintiff's right to be left alone." Plaintiff also asks that the Defendants be enjoined from causing "any prejudice to plaintiff, in any shape and form whatsoever."

## II.   DISCUSSION

First, there is no legal basis for Plaintiff's request that this Court issue some kind of "official notice" or warning to the Defendants that some future action might violate his constitutional rights, and not surprisingly, Plaintiff has cited no basis for that request. If some future condition of Plaintiff's confinement amounts to a constitutional violation, Plaintiff's remedy is, first, through the BOP's grievance process, and then by filing a lawsuit.

As to Plaintiff's request for injunctive relief, the law is clear that injunctive relief should not issue where the claimed irreparable damage is speculative or may never occur. *Sharp v. Cureton*, 319 F.3d 259, 272 (6th Cir. 2003). Plaintiff has done nothing more than offer his belief that at some unspecified time in the future, the Defendants *might* take some action that *may* infringe on *some* constitutional right.

Moreover, Plaintiff is asking this Court to enjoin any future disciplinary action the BOP might take. However, Departments of Corrections are accorded considerable latitude in the administration of prisons. In *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators." By

granting injunctive relief in this case, the Court would be in the untenable position of second-guessing and preempting the enforcement of the BOP's legitimate prison policies.

A preliminary injunction is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). Plaintiff has made no such showing in this case.

### III.   CONCLUSION

I therefore recommend that Plaintiff's motion [Docket #8] be DENIED.

Any objections to this Report and Recommendation must be filed  within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *and Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.

The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              S/R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Dated:  July 2, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 2, 2009.

                                              s/Susan Jefferson
                                              Case Manager