UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUNO CHOINIERE,                                No. 08-14853

        Plaintiff,                        District Judge Thomas L. Ludington

v.                                              Magistrate Judge R. Steven Whalen

S. CITCHEN, ET AL.,

        Defendants.
                                      /

**REPORT AND RECOMMENDATION**

Plaintiff, a *pro se* prison inmate in the custody of the Federal Bureau of Prisons ("BOP"), has filed an amended civil rights complaint [Docket #9] pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Before the Court are Defendants' Motion to Dismiss [Docket #25], and Plaintiff's two Motions for Summary Judgment [Docket #36 and Docket #58],which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Because Plaintiff has failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a), I recommend that the Defendant's Motion to Dismiss [Docket #25] be GRANTED, and that the complaint be DISMISSED WITHOUT PREJUDICE. I further recommend that the Plaintiff's Motions for Summary Judgment [Docket #36 and Docket #58] be DENIED.

**I.   BACKGROUND**

Plaintiff names six Defendants in his amended complaint, all BOP employees or officials. He raises eight claims. His amended complaint is a bit rambling and difficult to follow, but he appears to raise the following claims related to his conditions of

-1-

confinement: (1) Defendants violated the Eighth Amendment by refusing Plaintiff's request to have his work assignment changed from cleaning the showers to working in the kitchen, resulting in Plaintiff's exposure to chemicals that caused certain health problems; (2) Plaintiff was denied access to certain legal materials, specifically Medicare regulations, resulting in "undue delay in seeking proper relief from illegal custody," and hence denying him his First Amendment right to access the courts, as well as his Eighth Amendment right to be free from cruel and unusual punishment; (3) Plaintiff was improperly put on the BOP's "Financial Responsibility Program Refuse Status," resulting in a diminution in pay and a less favorable housing assignment, all in violation of the Eighth Amendment; (4) Defendants failed to provide Plaintiff with the BOP employee manual and other BOP material, infringing on his right to access the courts and his Eighth Amendment rights; (5) the denial of access to the BOP material caused him to be exposed to asbestos, resulting in health problems and a violation of the Eighth Amendment; (6) the denial of access to the BOP information caused Plaintiff to be unwittingly exposed to water that was "unfit for human consumption" for over two years, resulting in an Eighth Amendment violation; (7) widespread BOP policies, in the aggregate, resulted in Defendants "act[ing] in bad faith and dishonesty toward plaintiff," including ignoring his health concerns, and led to Eighth Amendment violations; (8) the Defendants worked in concert with one another, to keep Plaintiff "in the dark" about his constitutional rights and BOP regulations, resulting in denial of his First Amendment right to access the courts and his Eight Amendment right to be free from cruel and unusual punishment.

In his amended complaint, Plaintiff states that he attempted to resolve his complaints informally within the BOP, but admits that he did not complete the BOP grievance procedure. Specifically, Plaintiff concedes that he did not (1) file a formal

complaint; (2) appeal to the warden; or (3) appeal to the Regional Director of the BOP. *Amended Complaint*, p.5. He states that he did not pursue the BOP's grievance procedure because he was not required to do so, for the following reasons:

> "The issues raised are violations of constitutional rights and United States laws, which are beyond the discretional authority of the Federal Bureau of Prisons" *Id*., p.4

\*                              \*                              \*

> "Work assignment and financial responsibility issues were resolved by Informal resolution process; Access to the court is a violation of the Freedom of Information Act; violation of the Eight[h] Amendment is not a discretional issue under the BOP agency." *Id*., p.5.[1]

Defendants move to dismiss based on insufficiency of service and failure to exhaust administrative remedies. Plaintiff has not filed a response to the motion, but has filed a motion for leave to amend the complaint to show exhaustion of administrative remedies [Docket #27].[2]

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule

---

[1] Plaintiff has filed a second complaint that deals more specifically with his Freedom of Information Act claims. *See Choiniere v. Federal Bureau of Prisons*, E.D. Mich. No. 08-14854.

[2] Plaintiff re-filed the same motion as a "second motion for leave to amend" on June 9, 2009 [Docket #31]. The Court has reviewed and will consider both of Plaintiff's motions to amend in the context of the present motion to dismiss.

12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). *See also Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

A dismissal for failure to state a claim under Rule 12(b)(6) is generally a dismissal with prejudice. However, a dismissal for failure of a prisoner to exhaust administrative remedies under 42 U.S.C. §1997e(a) is a dismissal without prejudice. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). In *Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the Supreme Court suggested, in dicta, that failure to exhaust might be a basis for dismissal under Rule 12(b)(6). However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon which relief may be granted. *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies).

The distinction has no practical effect in this case.[3] Whether categorized as a 12(b)(6) motion or otherwise, the question in this motion is whether the Defendants has carried their burden of showing that the Plaintiff failed to exhaust his administrative remedies.

### B. 28 U.S.C. §1997e(a)

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative

---

[3]In some cases, the distinction may effect a plaintiff's future request for IFP status, in that a Rule 12(b)(6) dismissal, with prejudice, would arguably count against him in a "three strikes" analysis under 28 U.S.C. §1915(g).

remedies as are available are exhausted."[4] The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81,92, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock, supra*, 127 S.Ct. at 921. Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight*, 532 F.3d 567 (6th Cir. 2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

Nevertheless, *Jones v. Bock* recognized that a complaint may be subject to *sua sponte* dismissal if an affirmative defense appears on its face. *Id.*, 549 U.S. at 215. *See Proctor v. Applegate*, 661 F.Supp.2d 743, 774 (E.D.Mich. 2009); *Spaulding v. Oakland Co. Jail Medical Staff,* 2007 WL 2336216, *3 (E.D.Mich.2007) (Where it is clear from the face of the complaint that a plaintiff failed to properly exhaust his administrative remedies in accordance with the applicable grievance policy, the plaintiff's complaint is subject to *sua sponte*

---

[4] Plaintiff brings this suit under *Bivens, supra*, the federal analog to § 1983. However, under the PLRA, "exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002).

dismissal for failure to state a claim pursuant to *Jones v. Bock); United States v. Del Toro-Alejandre*, 489 F.3d 721, 722-23 (5th Cir. 2007) ("[T]he Court [in *Jones*] recognized that the usual PLRA practice would permit a district court to dismiss *sua sponte* a prisoner's complaint for failure to exhaust in the rare instance wherre the prisoner's failure to exhaust appeared on the face of his complaint"); *Porter v. Nussle, supra*.

## III. DISCUSSION
### A. Defendants' Motion to Dismiss [Docket #25]

The Plaintiff concedes very clearly in his amended complaint that he did not exhaust his administrative remedies within the BOP before bringing this lawsuit. He also states in his complaint that he is not required to exhaust, because the constitutional violations of which he complains are "beyond the discretional authority" of the BOP to address. In other words, he suggests that it would be futile for him to pursue the administrative remedies. The Plaintiff is wrong.

Under the PLRA, a prisoner challenging any condition of confinement must exhaust all available administrative remedies, even if the relief he or she requests cannot be granted in the administrative process. *Booth v. Churner, supra. See also Woodford v. Ngo*, *supra*, 548 U.S. at 85 ("Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed, as we held in *Booth,* a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process"); *Porter v. Nussle, supra*. Virtually all prisoner suits, whether they arise under § 1983 or *Bivens*, allege violations of federal constitutional or statutory rights. To accept Plaintiff's position that constitutional issues are beyond the "discretional authority" of prison officials, and therefore fall outside the exhaustion requirement, would

be to effectively read exhaustion out of the PLRA.

An administrative grievance process is available to federal prisoners to address conditions of confinement such as Plaintiff alleges in this case. The BOP has a four-step administrative process for resolving inmate grievances: (1) at the first step, the inmate is required to "present an issue of concern informally to staff...." 28 C.F.R. §542.13; (2) if the grievance is not resolved to the inmate's satisfaction, he or she may then file a written Administrative Remedy Request within 20 days of the date the basis for the Request occurred. 28 C.F.R. §542.14; (3) if still not satisfied, the inmate may submit a written appeal to the appropriate Regional Director within 20 days of when the Warden signed the step two response. 28 C.F.R. §542.15; (4) the final step in the administrative process is a written appeal to the General Counsel within 30 days of the Regional Director's response. *Id.*

This procedure, known as the Administrative Remedy Program, is designed "to allow an inmate to seek formal review of an issue relating to *any* aspect of his/her own. confinement." 28 C.F.R. § 542.10 (emphasis added). Defendants have cited a number of regulations that specifically address the Warden's authority to fashion remedies for the very complaints brought by this Plaintiff. *See, e.g.,* 28 C.F.R § 545.23(d) (work assignments); 28 C.F.R. § 543.11(d)(2) (access to legal materials); 28 C.F.R. § 541.12 (stating that inmates have the right to respectful, impartial and fair treatment by staff).

Plaintiff did not complete this administrative process. And to the extent that he claims that administrative remedies were not "available" to him, he is clearly in error.[5]

---

[5] In his response to the Defendants' opposition to his own motion for summary judgment [Docket #38], Plaintiff contends that there are no "available" administrative remedies "because there was no more relief that the BOP could possibly provide," and because "the defendants are estopped from raising non-exhaustion as an affirmative defense." As discussed above, the Code of Federal Regulations clearly provided available administrative remedies, and Plaintiff has shown nothing beyond pure *ipse dixit* to show estoppel. Moreover, this complaint is subject to *sua sponte* dismissal because it

Along with his motion to amend his complaint to show exhaustion [Docket #27], Plaintiff has submitted voluminous documents purporting to show that, contrary to the statement in his complaint, he actually did exhaust his administrative remedies. Of course, this conflicts with the concession in his complaint that he did *not* exhaust. In any event, these documents purport to show exhaustion of administrative action under the Freedom of Information Act (FOIA), and do not show exhaustion under the BOP grievance process or the PLRA. It is the latter that controls where, as here, an inmate brings a suit challenging conditions of confinement.

Because Plaintiff has failed to comply with the mandatory exhaustion requirement of 42 U.S.C. § 1197e(a), his amended complaint is subject to dismissal without prejudice.[6]

### B. Plaintiff's Motions for Summary Judgment [Docket #36 and #58]

Because his amended complaint must be dismissed without prejudice based on failure to exhaust, Plaintiff cannot be granted substantive relief in his own motion for summary judgment. Moreover, Plaintiff's argument in this motion, that exhaustion has been completed as to certain claims because they were resolved informally at an early stage of the administrative procedure, is unavailing.[7] His argument that taking these claims further up the administrative ladder would have been futile because the BOP could not award monetary damages has been soundly rejected by the Supreme Court. *See Woodford v. Ngo, supra,* 548

---

clearly shows non-exhaustion on its face.

[6] Because the complaint is clearly dismissible under § 1997e(a), it is unnecessary to address the Defendants' service of process issue.

[7] Plaintiff raises this argument in Docket #36. His second motion for summary judgment, Docket #58, appears to effectively ask for summary judgment as a Rule 11 sanctions, based on what Plaintiff claims are Defendants' frivolous defenses, and the BOP's actions (not related to his pending complaint) regarding telephone usage. This motion is nonsense. In any event, the dismissal of the amended complaint necessarily precludes granting summary judgment to the Plaintiff.

U.S. at 85 ("Indeed, as we held in *Booth,* a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process")(*citing Booth v. Churner, supra*).

As discussed above, whether or not the Plaintiff's sheath of exhibits shows "exhaustion" under FOIA is irrelevant; he has clearly not completely exhausted his remedies under the BOP process or the PLRA. Therefore, Plaintiff's motion for summary judgment must be denied.

### IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion for Summary Judgment [Docket #25] be GRANTED, and that Plaintiff's amended complaint be DISMISSED WITHOUT PREJUDICE.

I further recommend that Plaintiff's Motions for Summary Judgment [Docket #36 and Docket #58] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

<pre>
                              s/R. Steven Whalen
                              UNITED STATES MAGISTRATE JUDGE
</pre>

Dated: February 22, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 22, 2010.

<pre>
                              s/Susan Jefferson
                              Case Manager
</pre>