UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRUNO CHOINIERE,

        Plaintiff,

v.                                                                                    Case Number 08-14853-BC
                                                                                      Honorable Thomas L. Ludington
S. CITCHEN, ROBIN WILSON, MOODY,                                                      Magistrate Judge R. Steven Whalen
IRIS D. GUIDRY, ARTURO AVILES,
C. EICHENLAUB, DIRECTOR OF
FEDERAL BUREAU OF PRISONS,
TIFFANY WILSON, V. TOKARZ,

        Defendants.
_____/

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING
PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANTS' MOTION TO DISMISS,
DENYING AS MOOT PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND
MOTION FOR TEMPORARY AND PERMANENT INJUNCTION, AND DISMISSING
COMPLAINT WITHOUT PREJUDICE</u>**

        This matter is before the Court on a report and recommendation [Dkt # 83] issued by Magistrate Judge R. Steven Whalen on February 22, 2010. The magistrate judge recommends that the Court grant Defendants' motion to dismiss because Plaintiff, a federal inmate, did not exhaust available administrative remedies. On or about March 8, 2010, Plaintiff filed objections [Dkt. # 88] to the report and recommendation. On March 17, 2010, Defendants filed a response [Dkt. # 89] to Plaintiff's objections. For the reasons stated below, each of Plaintiff's seven objections will be overruled, Defendants' motion to dismiss will be granted, and Plaintiff's amended complaint will be dismissed for failure to exhaust available administrative remedies.

        First, Plaintiff objects to the timing of the magistrate judge's resolution of the various motions filed in this case. Plaintiff emphasizes that when the magistrate judge directed him to file

a response to Defendants' motion to dismiss, Plaintiff responded by requesting that the magistrate judge decide Plaintiff's motions for summary judgment prior to Defendants' motion to dismiss. Plaintiff contends that his motions for summary judgment demonstrate that he exhausted his administrative remedies and therefore should have been considered before Defendants' motion to dismiss.

Notably, Defendants' motion to dismiss was the first filed motion in this case. Additionally, as the magistrate judge explained, Plaintiff's complaint was subject to sua sponte dismissal, because Plaintiff admitted in his complaint that he had not exhausted available administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Finally, the magistrate judge reviewed Plaintiff's motions for summary judgment and other filings, and determined that they did not undermine the conclusion that Plaintiff did not exhaust available administrative remedies. Thus, Plaintiff's first objection will be overruled.

Second, Plaintiff objects that the magistrate judge did not apply the liberal pleading standard applicable to pro se pleadings and arguments. Plaintiff asserts that the magistrate judge should have considered all of Plaintiff's arguments presented within the record to be a response to Defendants' motion to dismiss. Importantly, Plaintiff was directed by the magistrate judge to file a response to Defendants' motion to dismiss, and Plaintiff elected to not file a response. Moreover, the magistrate judge did consider all of the arguments presented by Plaintiff, and determined that they were unavailing with respect to the issue of non-exhaustion of administrative remedies. Thus, Plaintiff's second objection will be overruled.

Third, Plaintiff objects that the magistrate judge did not consider the fact that the federal Bureau of Prisons ("BOP") did not comply with a requirement of the grievance procedure that

Plaintiff asserts requires the prison warden to supply prior administrative decisions to the inmate so that the inmate can conduct research before filing a grievance. Plaintiff asserts that such non-compliance requires a finding that Plaintiff exhausted his administrative remedies because, had Plaintiff filed a grievance without doing prior research, it would have created a "useless administrative record." Plaintiff also asserts that his administrative remedies should be considered exhausted because he filed a request for the information under the Freedom of Information Act ("FOIA"), to which he did not receive a timely response.

Significantly, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires the exhaustion of available administrative remedies even when the plaintiff believes that doing so would be futile. *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001); *Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 998 (6th Cir. 2004); *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003). Even if it is true that prison officials did not provide Plaintiff access to information that he requested, such conduct did not prevent Plaintiff from filing a grievance. While Plaintiff may have believed that he could not prevail on a grievance without the requested information, such a belief does not excuse him from actually pursuing the grievance. Finally, as the magistrate judge noted, when a plaintiff challenges the conditions of confinement, it is the prison administrative remedies that must be exhausted, not administrative remedies under FOIA. Thus, Plaintiff's third objection will be overruled.

Fourth, Plaintiff objects that administrative remedies should be considered exhausted when an inmate is satisfied with the resolution of his grievance. To the extent that Plaintiff is satisfied with the resolution of any of his grievances, his claims are moot. To the extent that he seeks further

relief, he is required to exhaust the available administrative remedies. Thus, Plaintiff's fourth objection will be overruled.

Fifth, Plaintiff objects that the magistrate judge did not consider Plaintiff's assertion that he was not properly served with Defendants' motion to dismiss. As the magistrate judge explained, however, Plaintiff's complaint was subject to sua sponte dismissal because Plaintiff admitted in his complaint that he had not exhausted available administrative remedies. In other words, even if the magistrate judge determined that Plaintiff was not properly served with Defendants' motion to dismiss, such a determination would not have altered the magistrate judge's conclusion that the complaint should be dismissed because Plaintiff did not exhaust the available administrative remedies. Thus, Plaintiff's fifth objection will be overruled.

Sixth, Plaintiff objects that he exhausted his available administrative remedies by attempting to informally resolve his grievances under the first step of the grievance process. Plaintiff asserts that the remaining steps of the grievance process are permissive, not mandatory, and therefore he is not required to exhaust them. The Sixth Circuit has stated that all four levels of the federal BOP's Administrative Remedy Program are required to be utilized before a federal inmate can file suit in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brocket v. Parks*, 48 F. App'x 539, 540-41 (6th Cir. 2002); *Robinson v. Young*, 20 F. App'x 476, 477 (6th Cir. 2001).

In the case cited by Plaintiff, *Martin v. Sizemore*, No. Civ.A. 05-CV-105-KKC, 2005 WL 1491210, at *2 (E.D. Ky. June 22, 2005), the administrative process at a county detention center was considered unavailable because prison personnel were not required to respond to prisoner grievances. The court found that such an unpredictable procedure did not foster the PLRA's goal of encouraging internal resolution of prisoner complaints and that exhaustion should not be required

under those circumstances. *Id. Martin* is inapplicable to the federal BOP Administrative Remedy Program and does not support the proposition that Plaintiff in this case has exhausted his administrative remedies. Thus, Plaintiff's sixth objection will be overruled.

Seventh, Plaintiff objects that the BOP administrative remedies were not available to him because he would be required to complain to the very prison officials about whom he had complaints. This argument is unavailing because even if Plaintiff could not resolve his complaints informally, he also had the option of filing a written administrative request with the warden to resolve any complaints he had against particular staff members. *See* 28 C.F.R. § 542.13(b). He also could have pursued the possibility of submitting his complaint directly to the regional director. *See* 28 C.F.R. § 542.14(d)(1). Thus, Plaintiff's seventh objection will be overruled.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [Dkt # 83] is **ADOPTED**.

It is further **ORDERED** that Plaintiff's objections to the report and recommendation [Dkt. # 88] are **OVERRULED**.

It is further **ORDERED** that Defendants' motion to dismiss [Dkt. # 25] is **GRANTED**.

It is further **ORDERED** that Plaintiff's motions for summary judgment [Dkt. # 36, 58] and motion for temporary and permanent injunction [Dkt. # 49] are **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiff's amended complaint [Dkt. # 9] is **DISMISSED WITHOUT PREJUDICE**. This is a final order that closes the case.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 22, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 22, 2010.

          s/Tracy A. Jacobs
          TRACY A. JACOBS